## Case No. 12,439.

### SCHARLOCK v. The GLOBE.

[Crabbe, 278.] [1]

District Court, E. D. Pennsylvania. Aug. 5, 1839.

SHIPPING—MATE—NEGLIGENCE IN LOADING—LIABILITY—WAGES.

1. Where it is endeavored to charge a mate, on the ground of negligence, for a difference between the amount of goods landed from a vessel, and that required by the invoice, it must be clearly shown what amount was placed on board, and what landed.

---

1 [Reported by William H. Crabbe, Esq.]

2. A mate cannot be charged, on account of negligence, for not keeping a proper account of the goods taken on board a vessel, when he was ordered on other duty, by the captain, during the loading of the ship.

This was a libel, by [Charles H. Scharlock] a mate [against the bark Globe, Ames, master] for wages.

It was alleged, in the answer, that, when the cargo of the Globe was landed, at Philadelphia, there were two hogsheads of sugar less than the number required by the invoice; and that the libellant was justly answerable for this deficiency, because of his negligence in keeping the accounts.

Mr. Hirst, for libellant.
J. Campbell, for respondent.

HOPKINSON, District Judge. The amount of wages claimed is not disputed, but a deduction is claimed for two hogsheads of sugar, said to be short in the cargo. The libellant was first mate of the barque; and it is said that he is liable for this deficiency. We must first ascertain that there is a deficiency, that is, that all the cargo put on board, at Pernambuco, has not been delivered here. To ascertain this we should know what was put on board, and what was delivered. We know neither, accurately. As to what was put on board, we have an invoice and bill of lading. The first was made in the counting-house of the shippers, who can answer for its accuracy. Did that quantity leave the stores? Was it delivered to the vessel? It had to go from the stores to the wharf, or beach, and thence, by lighters, to the vessel. Who kept the account? Who testifies what went from the stores, and what was put on board? Why may not the loss have happened in the transportation? We do not know what was put on board; the accounts are various, some making it more, some less, than the invoice. What was landed here? We have no satisfactory evidence. A young man, who kept no tally or account but by his memory, says that there were 1777 hogsheads landed, that is, two hogsheads short. But in so large a number it is not possible to rely upon his unsupported accuracy. The mate, who did keep a tally, told some of the witnesses, on the wharf, that there were 1780, that is, one too many. There is no certainty here. But the counsel for the respondent has put his case on the only ground it could rest upon. Fraud or embezzlement is not pretended, but the charge is negligence; and the negligence was this, that, it being the duty of the first mate to attend to shipping the cargo, and to see that it is all right and corresponds with the invoice and bill of lading, if the invoice and bill of lading had a greater number than actually came on board, he should have corrected the error.

These principles are, in general, true; but how do they apply to this case? In the first place, we have no evidence that the mate was ever informed what was in the bill of lading or invoice; or that they were ever shown to

him, or attempted to be compared with his account of the cargo. The captain signed the bill of lading in conformity with the invoice, and does not seem to have inquired further about it. But, secondly, a more satisfactory answer is, that this business of taking in the cargo, was not wholly trusted to the mate; that he was sent away, by the captain, on other business, and a great part of the sugar, above four hundred barrels, were taken in, of which no account was taken by anybody. We cannot make the mate answerable for this negligence of other persons, while he was absent, on other duty.

The account will stand thus:

Whole amount of wages,............$128 00
Credits allowed,..................  53 80
                                  ────────
                                   $74 20

Decree for the libellant for $74 20, and costs.